**Arena v. Kelly, Kaufman & Wood, Inc.**

*A. A. Guarino,* for plaintiffs.

*Francis R. Lord,* for defendants.

REED, JR., J., December 28, 1972.—Plaintiffs, former record owners of real estate in Folcroft, Delaware County, have filed a complaint in equity seeking a reconveyance of that property from their immediate grantee, defendant "Kelly, Kaufman and Wood, Inc." Plaintiffs also include as defendants the real estate agents who concluded the transfer, Frank J. Martin and Peter Martin, individually and trading as Martin Realty. Finally, they include the notary who acknowledged the deed of transfer, J. F. McGowan, Jr.

Defendant, J. F. McGowan, Jr., has filed preliminary objections to the complaint, alleging a failure by plaintiffs to state a cause of action as to him, and further including a motion for more specific pleading.

The complaint alleges, inter alia, that in September of 1967, plaintiffs listed their property for rental with Martin Realty, and in June of that year they were induced by Frank Martin to sign certain papers in blank, one of which was a deed form. A buyer was found and settlement was scheduled for July 7, 1970; that prior to settlement, plaintiffs informed Martin Realty not to sell the property; and that, despite this, a deed was recorded in Delaware County on July 29, 1970, granting the property to defendant, Kelly, Kaufman and Wood, Inc.

Plaintiffs seek a reconveyance of their property, or damages if defendant, Kelly, Kaufman and Wood, Inc., has, in turn, transferred the title, and finally an accounting for any rents and profits derived by the several defendants.

As respects defendant, McGowan, plaintiffs allege that he is "associated" with defendants, Frank J. Martin and Peter Martin; that defendants together schemed to deprive plaintiffs of title to their property; that "The plaintiffs never delivered, never made, and never acknowledged before a Notary or any other Official [a deed], to either the defendants, Frank Martin, Peter Martin or the defendant Kelly (sic), Kaufman and Wood, Inc. or any other person"; that defendants have collected and retained rentals from said property, and that defendant McGowan acknowledged the deed as notary.

"An officer who takes an acknowledgment from an impostor, or who deceives a party as to the nature of the instrument he is acknowledging may be held responsible in damages . . ." 1 P.L.Encyc. Acknowledgment, §6. Furthermore, "A false certificate of acknowledgment renders the officer personally and on his bond liable, if the false certificate is the proximate, although not necessarily the sole cause of the injury": 1 C.J.S. Acknowledgments, §144(e).

Hence, plaintiffs' allegations of a conspiracy to defraud, and the receipt of profits by all defendants including defendant McGowan, do state a sufficient cause of action against defendant McGowan and his demurrer cannot be sustained. Plaintiffs' complaint is also sufficient to inform defendant McGowan respecting the cause of action against him, and he is able to frame his responses to plaintiffs' allegations.

## ORDER

And now, December 28, 1972, it is ordered that the preliminary objections be and the same hereby are dismissed. Leave is granted to defendant to file a responsive answer within 20 days from this date.